UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MUNICH REINSURANCE AMERICA, INC.,

        Petitioner,

-v-

NATIONAL CASUALTY COMPANY,

        Respondent.

-------------------------------------------------------------x

FURTHER DECLARATION OF MARK C. KAREKEN IN SUPPORT OF RESPONDENT'S MOTION TO STAY THE LITIGATION/ ARBITRATION

10 CV 5782

    Mark C. Kareken, an attorney admitted *pro hac vice* to practice before the United States District Court for the Southern District of New York, hereby further declares, pursuant to U.S.C. § 1746, under penalty of perjury:

1. I hold the position of Lead Counsel with National Casualty Company (hereinafter "National Casualty") and am a Member in good standing of the Bar of the State of Minnesota. I have been admitted to practice law before the United States District Court for the Southern District of New York *pro hac vice* for purpose of appearing in this litigation.

2. I am fully familiar with the facts and circumstances of this action and those present in *Employers Insurance Company of Wausau v. Munich Reinsurance America, Inc.*, 2009CV03558 (PKC) (S.D.N.Y.) (hereinafter "disqualification action").

3. This Declaration is respectfully submitted in further support of National Casualty's motion seeking:

    a. A stay of this litigation and/or the underlying arbitration, or to enjoin Munich Reinsurance America, Inc. (hereinafter "Munich Re") from proceeding with this litigation or the underlying arbitration until the disqualification action has been fully and finally resolved.

    b. such other and further relief as this Court deems just and proper.

4. As it was entitled to do pursuant to Judge Castel's Individual Practices, Employers Insurance Company of Wausau (hereinafter "Wausau") opposed Munich Re's request for a Pre-Motion Conference (Friedman Affidavit Exhibit 3). *See* Exhibit T to initial Kareken Declaration filed September 20, 2010 (hereinafter "Initial Kareken Dec.") in support of National Casualty's motion.

5. I was also present during the Pretrial Conference held before Judge Castel in the disqualification action on June 28, 2010.

6. I reject Mr. Friedman's assertion of "fact" that "Judge Castel sought to extract a concession from Mr. Kareken that Wausau is not alleging that there is a 'substantial relationship' between the prior matter in which RFF represented Wausau and the current [arbitrations demanded of Wausau by Munich Re] in which RFF represents [Munich Re]" (Friedman Aff. at ¶ 17).

7. Per my recollection, Judge Castel's response to Munich Re's Pre-Motion Conference Request was a determination that Munich Re's proposed motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) was not viable. Therefore, Judge Castel would not entertain it.

8. It is my further recollection that Judge Castel's decision regarding Munich Re's Rule 12(b)(6) Pre-Motion Conference Request - that Wausau had adequately pled a claim

upon which relief could be granted - rendered Munich Re's other Pre-Motion Conference Requests (to compel arbitration and for appointment of an umpire) nugatory.

9. Based on the record (*See* Initial Kareken Dec. Exhibits W and X), it is obvious that Mr. Bantis did not "refuse to cooperate," and it is equally obvious that no "deadlock" exists regarding selection of an umpire for the arbitration at issue herein.

10. Munich Re was not "required to file" this Petition. The arbitration Munich Re seeks to compel is presently pending before Judge Castel in the disqualification action, and that arbitration, involving both National Casualty and Wausau, will proceed once that matter is fully and finally concluded.

11. In bringing this action, Munich Re has placed one arbitration, under one reinsurance contract involving three parties (Munich Re, National Casualty and Wausau) before two different judges in the same district.

12. The arbitration agreement contained in the reinsurance contract at issue here is also one of the two reinsurance contracts at issue before Judge Castel, and requires one arbitration in which both National Casualty and Wausau are parties. *See*, ¶ 15, *infra*, at Exhibit BB, Article XIX, ¶ (e) p.14 submitted herewith. Consequently, it would be impossible for either this Court or Judge Castel to comply with the restriction of Federal Arbitration Act Section 4 (9 U.S.C. § 4) - that ordering arbitration must be in accordance with the terms of the parties' arbitration agreement - because neither action involves all three parties.

13. Wausau is not at fault where Munich Re and Allianz both insist on the use of certain counsel when those representations constitute a violation of the applicable Rules of

Professional Conduct. Nonetheless, Wausau's declaratory judgment action against Allianz is not relevant to the issues now before this Court.

14. In ¶ 14 of his Affidavit, Mr. Friedman alleges, "**upon information and belief,** all [Munich Re's reinsurers], except National Casualty and Wausau, have paid their share of [Munich Re's] billings arising from the underlying claim" (emphasis added). Yet, in a series of correspondence between RFF and Wausau's counsel regarding discovery in the disqualification action, RFF most recently stated:

> With respect to Wausau's Request for Production No. 5, Munich Re has confirmed that: a) all billings submitted to its retrocessionaires arising out of the Allianz ADLA Cession, other than those submitted to Wausau and National Casualty, have been paid; b) Munich Re did not retain counsel (RFF or otherwise) in conjunction with obtaining payment from any of these other retrocessionaires. We have asked Munich Re to consider producing copies of its billings to its other retrocessionaires, along with proof of the payments received by Munich Re. We will advise if Munich Re is agreeable to provide this information. There are no documents evidencing the retention of counsel by Munich Re with respect to these other billings and payments – because Munich Re did not retain counsel.

See ¶ 15, *infra*, Exhibit FF submitted herewith.

15. A true and accurate copy of the following documents, which are referred to herein and/or National Casualty's accompanying Reply Memorandum of Law in support of its motion to stay/enjoin are attached to this Declaration under the following exhibit designations:

Exhibit "BB": Excess of Loss Reinsurance Contract No. 4575-0001 ("77-82 Treaty") between NCC and Munich Re.

Exhibit "CC": August 24, 2010 correspondence from Wausau's counsel to RFF.

Exhibit "DD": September 13, 2010 correspondence from RFF to Wausau's counsel.

Exhibit "EE": September 16, 2010 correspondence from Wausau's counsel to RFF.

Exhibit "FF":  September 21, 2010 correspondence from RFF to Wausau's counsel.

Dated: Wausau, Wisconsin
October 12, 2010

                      Yours, etc.,

                      NATIONAL CASUALTY COMPANY

                      *[signature]*
                      Mark C. Kareken (MCK - 8706)
                      Lead Counsel
                      400 Westwood Drive
                      P.O. Box 8101
                      Wausau, WI 54402
                      (715)843-8739

TO:    Rubin, Fiorella & Friedman, LLP
        Attorneys for Petitioner
        292 Madison Avenue
        New York, NY 10017
        (212) 447-4644

Munich Re v National Casualty — 10CV5782
Further Kareken Declaration in Support of Stay of National Casualty Stay Motion